UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BELL, SR., | No. 2:20-cv-00793-CKD-P |
| Plaintiff, | |
| v. | ORDER AND |
| GAVIN NEWSOM, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a county pretrial detainee proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II. Allegations in the Complaint

Plaintiff is a pretrial detainee in the custody of the Sacramento County Sheriff at Rio Cosumnes Correctional Center ("RCCC"). He filed the pending action as a purported class action

on behalf of himself and other pretrial detainees who were not released after the governor's March 25, 2020 executive order "that over 400 convicted nonviolent inmates be released within a 5 day period…" due to COVID 19. ECF No. 1 at 3, 7. Plaintiff alleges that the conditions of confinement at both the RCCC and the Sacramento County Main Jail do not comply with the Center for Disease Control's guidelines for social distancing and the use of face masks to prevent the spread of the COVID 19 virus. Id. Specifically, plaintiff contends that the bunk beds in the J and K Barracks at RCCC are only 2 ½ feet apart from one another. Id.

Plaintiff names Gavin Newsom, the Governor of the State of California; the Presiding Judge of the Sacramento Superior Court who is not named; and, Scott Jones, the Sheriff of Sacramento County, as defendants in this action. ECF No. 1 at 2.

By way of relief, plaintiff seeks punitive damages at the rate of $100,000 per plaintiff and compensatory damages in the amount of $200,000 per plaintiff. ECF No. 1 at 3, 6.

### III. Legal Standards

#### A. Class Action

This lawsuit is brought by plaintiff as a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

#### B. Supervisory Liability

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. See e.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). A county sheriff may act under color of state law for purposes of section 1983. See West v. Atkins, 487 U.S. 42 (1988)

3

("generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."). Like municipalities, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. See also Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").

When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

**C. Judicial Immunity**

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872). A judge's jurisdiction is quite broad. The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

**D. Linkage Requirement**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

4

Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

### IV. Analysis

Plaintiff's allegations against defendant Sheriff Scott Jones are sufficient at the screening stage to state a Fourteenth Amendment challenge to the conditions of plaintiff's confinement. This defendant will be required to respond to the complaint.

As to defendant Gavin Newsom, the court finds that the allegations in the complaint fail to state a claim on which relief may be granted. The complaint fails to link this defendant to any of the challenged conditions of confinement or explain how the Governor of the State of California is the final policy maker for the RCCC which is a county correctional facility. The court also concludes that the Presiding Judge of the Sacramento County Superior Court is absolutely immune from the monetary damages requested in this civil action. Stump v. Sparkman, 435 U.S. 349, 356-7 (1978). As a result, the undersigned is recommending that these defendants be dismissed from this action.

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06. Since it does not appear to the court that the deficiencies with respect to defendant Newsom and the Presiding Judge of the Sacramento Superior Court can be remedied, the undersigned recommends dismissing these defendants without leave to amend.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is construing your civil action as an individual civil rights complaint and it is being served on defendant Scott Jones based on the challenges to your conditions of confinement. The claims against the remaining defendants are insufficient to state a claim for relief or name a defendant who is immune from monetary damages. As a result, it is recommended that defendant Newsom and the Presiding Judge of the Sacramento County Superior Court be dismissed without leave to amend. If you do not agree that this is the correct outcome in your case, you have 30 days to explain why. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Service is appropriate for defendant Sheriff Scott Jones.

4. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and,

    d. Two copies of the complaint.

6. Plaintiff need not attempt service on defendant Jones and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States

Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

    7. The Clerk of Court randomly assign this matter to a district court judge.

    IT IS FURTHER RECOMMENDED that:

1. Defendant Newsom be dismissed without leave to amend for failing to state a claim for relief.
2. The Presiding Judge of the Sacramento Superior Court also be dismissed from this action without leave to amend because this defendant is immune from monetary relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 4, 2020

                                                    CAROLYN K. DELANEY
                                                    UNITED STATES MAGISTRATE JUDGE

12/bell0793.1+F&R.docx

1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   ERIC BELL, SR.,                          No.  2:20-cv-00793-CKD-P
12        Plaintiff,
13   v.                                       NOTICE OF SUBMISSION
14   GAVIN NEWSOM, et al.,                    OF DOCUMENTS
15        Defendants.
16
17
18        Plaintiff submits the following documents in compliance with the court's order filed
19   _____:
20        ____        completed summons form;
21        ____        completed USM-285 forms; and,
22        ____        copies of the complaint.
23
24   DATED:
25
26                                                    _____
                                                      Plaintiff
27
28
                                              8