UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ERIC BELL, SR., | No. 2:20-cv-00793-WBS-CKD P |
| --- | --- |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SCOTT JONES, | |
| Defendant. | |

Plaintiff is a county inmate proceeding pro se and in form pauperis in this federal civil rights action. Currently pending before the court is plaintiff's motion for a preliminary injunction. ECT No. 14.

**I.  Motion for a Preliminary Injunction**

Plaintiff seeks an injunction to prevent defendant Jones from tampering with his legal mail by opening it outside his presence. ECF No. 14 at 1. On May 16, 2020, plaintiff had one piece of mail from this court opened outside of his presence. Id. at 2-3. As a result, plaintiff seeks $2,500 "and any other disciplinary actions the court deems necessary…." ECF No. 14 at 4.

**II.  Legal Standards**

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the

1

status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the Supreme Court's four-part Winter's standard. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing of one element to offset a weaker showing of another element). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance, 632 F.3d at 1131-32 (citations omitted). Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

The First Amendment protects a prisoner's right to send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). While courts have afforded greater protection to an inmate's legal mail than non-legal mail, isolated incidents of mail interference or tampering

will not support a claim under section 1983 for a violation of plaintiff's constitutional rights. See Thornburgh v. Abbott, 490 U.S. 401, 412 (1989); Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of access to the courts or counsel in order to rise to the level of a constitutional violation. See Smith, 899 F.2d at 944.

### III.   Analysis

In his motion, plaintiff describes a single incident in which a letter from this court was opened by prison officials outside of his presence. Plaintiff does not even allege, much less demonstrate, the possibility of irreparable harm resulting from this single event that would warrant any injunctive relief. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). As a result, the undersigned recommends denying plaintiff's motion for a preliminary injunction.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////
/////
/////
/////

3

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: August 31, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11  12/bell0793.TRO.docx