UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BELL, SR., | No. 2:20-CV-00793-WBS-CKD P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT JONES, | |
| Defendant. | |

Plaintiff is a former county inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 29, 2020, defendant filed a motion to compel discovery response from plaintiff. ECF No. 31. Plaintiff was ordered to file an opposition or a statement of non-opposition by order dated January 28, 2021. ECF No. 32. Plaintiff has not responded to the court's order and the time for doing so has expired. Defendant has also filed a motion to modify the discovery and scheduling order due to plaintiff's failure to respond to discovery requests. ECF No. 33.

**I.    Factual and Procedural Background**

This case is proceeding on plaintiff's complaint filed April 6, 2020 alleging a Fourteenth Amendment violation against defendant Scott Jones based on the conditions of his confinement while an inmate at the Rio Cosumnes Correctional Center. ECF No. 1. On August 31, 2020, the court issued a discovery and scheduling order setting a January 8, 2021 deadline for all discovery,

including the filing of motions to compel, and an April 8, 2021 deadline for the filing of all other pretrial motions.  ECF No. 29.

**II.     Discovery Motions**

On December 29, 2020, defendant Jones filed a motion to compel plaintiff to provide responses to his Interrogatories, Set One and Request for Production of Documents, Set One, which were both served on October 12, 2020.  ECF No. 31.  To date, plaintiff has failed to respond to these discovery requests.  ECF No. 31-1 at 2.

After not receiving any response to defendant's motion to compel, the court sua sponte extended the time for plaintiff to file an opposition or a statement of non-opposition to the motion.[1]  ECF No. 32.  Plaintiff was ordered to file an opposition or statement of non-opposition to the motion within 21 days.  That period of time has expired and plaintiff has not filed any response to the court's order.

On March 1, 2021 defendant Jones filed a motion to modify the discovery and scheduling order necessitated by plaintiff's failure to respond to his discovery requests.  ECF No. 33.  The motion seeks to extend the dispositive motions deadline by 60 days.  ECF No. 33 at 2.

**III.    Analysis**

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Although the parties were not required to comply with Local Rule 251 in dealing with discovery disputes, they were still required to comply with Federal Rule of Civil Procedure 37, which requires a good faith effort to confer prior to seeking court intervention.  Defense counsel's statement that she has "not received any communication from Plaintiff seeking an extension to respond or otherwise conferring regarding the requests," does not meet defendant's duty to meet and confer prior to filing a

---

[1] According to a subsequently filed motion, defendant misinterpreted this court's order of January 28, 2021.  See ECF No. 33 at 1 (stating that the court "granted Defendant's motion to compel and provided the Plaintiff with an additional 21 days to respond to the discovery requests.").  The court merely extended the timeframe for plaintiff to file a response to the motion to compel.  ECF No. 32.  It did not grant the motion to compel or order plaintiff to respond to the discovery requests within 21 days.  ECF No. 32.  Therefore, the motion to compel remains pending.

motion to compel.  ECF No. 31-2 at 2.  Rule 37(a)(1) places the onus of meeting and conferring on the party who is filing the motion to compel.  In this case, there is no evidence that defendant attempted to confer with plaintiff directly regarding his failure to respond to discovery requests.  Despite this defect, the court will resolve the motion to compel since defendant is not seeking sanctions for plaintiff's failure to respond.  See Fed. R. Civ. P. 37(a)(5)(A)(i) (stating that if a motion to compel is granted, "the court must… require the party… whose conduct necessitated the motion… to pay the movant's reasonable expenses…" unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action.").

Based on plaintiff's complete failure to respond to defendant's discovery requests, the court will grant the motion to compel.  Plaintiff initiated this lawsuit and he is obligated to comply with the applicable Federal Rules of Civil Procedure and Local Rules of this court by responding to defendant's discovery requests to the best of his ability.  Plaintiff's complete failure to respond to defendant's discovery requests and his failure to oppose defendant's motion, means he has waived any objections to those requests and will be ordered to respond.  Plaintiff must answer each interrogatory fully in writing under oath.  See Fed. R. Civ. P. 33(b)(3).  While extensive research is not required, a reasonable effort to respond must be made.  L.H. v. Schwarzenegger, No. S–06–2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep.21, 2007).  In addition, plaintiff must produce all documents in his possession, custody or control that are responsive to defendant's request for production of documents.  See Fed. R. Civ. P. 34(a)(1).  Defendant may move to dismiss this action pursuant to Rule 41(b) if plaintiff fails to comply with this court order.

Based on plaintiff's failure to respond to defendant's discovery requests, the court finds good cause to modify the discovery and scheduling order in this case.  Defendant's motion demonstrates that he has been diligent in seeking the necessary information.  ECF No. 33.  Based on good cause shown, the discovery and dispositive motions deadlines will be extended as indicated herein.

/////

/////

3

**IV.  Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Based on your failure to respond to the defendant's discovery requests, the court is granting defendant's motion to compel. You have 14 days from the date of this order to serve your responses to defendant's discovery requests. The deadline for filing dispositive motions in this case is also being extended. If you do not provide responses to defendant's discovery requests, you will be subject to sanctions, including the possible dismissal of this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's unopposed motion to compel (ECF No. 31) is granted. Within fourteen days of the date of this order, plaintiff shall send to defendant's counsel responses to defendant's Interrogatories, Set One and Request for Production of Documents, Set One. Plaintiff is cautioned that failure to comply with this court's order compelling discovery may result in further sanctions including the dismissal of this case.

2. Defendant's motion to modify the discovery and scheduling order (ECF No. 33) is granted. All discovery, including all motions to compel discovery, is due by April 5, 2021. The deadline for filing dispositive motions is extended to June 7, 2021.

3. All other provisions of the September 11, 2020 Discovery and Scheduling Order remain in effect.

Dated:  March 5, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bell0793.modifyDSO+compel